FILED

NOV 3 0 2015

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GEORGE CONRAD KERR; MELODY FAYE KERR, <br><br> Petitioners, <br><br> vs. <br><br> BLAIR JONES, et al., <br><br> Respondents. | Cause No. CV 15-120-BLG-SPW <br><br><br> OPINION and ORDER |

This case comes before the Court on an application for writ of habeas corpus under 28 U.S.C. § 2241. Petitioners George Conrad Kerr and Melody Faye Kerr ask the Court to enjoin a foreclosure proceeding in state court.

The petition suffers from several defects. Most fundamentally, the writ of habeas corpus is a remedy for severe restraints on an individual's liberty. *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). A foreclosure proceeding is a legal means to deprive someone of property, not liberty. The writ of habeas corpus is not available to challenge a deprivation of property. Nor do the Kerrs allege facts sufficient to support an inference that they are subject to custody that could be redressed by the writ. An individual's loss of real property does not mean the individual "cannot come and go as he pleases." *Id.* As a petition for writ of habeas corpus, the application is frivolous.

1

Construed as any other kind of civil action, the application remains frivolous. "The normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The Kerrs allege they were not permitted to file a petition for writ of habeas corpus as a separate civil action in the state court, so that their privilege of habeas corpus has been unconstitutionally suspended. *See* Pet. (Doc. 1) at 9. Whether their petition was filed as a separate action or within an ongoing action, the Kerrs would ordinarily have an opportunity to air their claims and defenses in the foreclosure proceedings in state court. The scant facts they allege do not support an inference that they are being deprived of their real property without due process of law or that the state proceedings are inadequate to protect their rights under federal and state law.

A certificate of appealability is not warranted as the Kerrs do not fairly allege they are in custody. 28 U.S.C. § 2253(c). Should they choose to appeal this disposition, their appeal would not be taken in good faith. Whatever its jurisdictional basis, the action is wholly frivolous.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioners' application for writ of habeas corpus (Doc. 1) is DISMISSED.

2. A certificate of appealability is DENIED.

3. The Clerk of Court shall enter, by separate document, a judgment of

dismissal.

4. Pursuant to Fed. R. App. P. 24(a)(4)(B), the Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

5. This action is closed. No motions for reconsideration or rehearing will be entertained.

DATED this 30th day of November, 2015.

*Susan P. Watters*
Susan P. Watters
United States District Court

3